[No. 1308.]

AMTER v. THE WOODS INVESTMENT CO.

PRACTICE—FORCIBLE ENTRY AND DETAINER—APPEAL BOND.
In an appeal from a justice of the peace to the county court from a judgment against the defendant in an action of forcible entry and detainer, where the appellant failed to give an additional bond for the use and occupancy of the premises as required by the act of 1891, it was not erroneous for the county court to refuse to allow such bond to be filed in that court or permit the original bond to be amended.

*Appeal from the County Court of El Paso County.*

Mr. J. E. ROBINSON, for appellant.

No appearance for appellee.

BISSELL, J., delivered the opinion of the court.

The Woods Investment Company were the owners of some property in the town of Victor, which was occupied by the appellant, Amter, as a tenant. Under circumstances which it is needless to state, the company claimed that the tenancy was terminated, gave Amter notice to quit and on his refusal brought an action of forcible entry and detainer before a justice of the peace to recover possession. An adverse judgment was entered against Amter, who appealed to the county court

and gave a bond to perfect his appeal, which contained the statutory conditions, with possibly others.    It is unimportant to notice what these conditions were.    The bond was approved by the justice. . Under the act of 1885, this was enough, but the forcible entry and detainer act was amended in 1891, and in cases like that at bar, that statute prescribes that the tenant must give an independent bond to cover the value of the use and occupancy of the premises.    The latter bond was not executed.    In the county court the appellee moved to dismiss the appeal, and the court dismissed it, and from this judgment the appeal is prosecuted.

. In the county court Amter asked leave to file a bond to comply with the statute.    This application was denied, and he insists here that the county court erred in refusing to permit him to file it, and erred when it refused leave to amend the bond already given by inserting further conditions which would make it in his judgment conform to the act of 1891. It would subserve no useful purpose to re-examine this question, and re-express the reasons upon which a different rule has been established.    The whole subject was fully considered at the last term of this court in an opinion of the president judge.    *Getty v. Miller, ante,* p. 331.

This opinion contains a clear and satisfactory exposition of the statute, and the reasons expressed neither need revision nor enlargement.    On the strength of that authority, the judgment in this case must of necessity be affirmed.

*Affirmed.*